In re:                                                                                    Chapter 7

Willie James Harris, Jr. and Corda Harris,                       Case No. 08-61146

        Debtors.                                                              Hon. Phillip J. Shefferly
_____/

### ORDER (1) DENYING MOTION TO EXCUSE WILLIE HARRIS FROM APPEARANCE AT SECTION 341 MEETING; (2) DISMISSING DECEASED DEBTOR; AND (3) ALLOWING SURVIVING DEBTOR TO CONTINUE CASE IN CHAPTER 7

On August 29, 2008, the Debtors, Willie James Harris, Jr. and Corda Harris, filed this case under Chapter 13. On November 27, 2008, the Court entered an order confirming the Debtors' plan. On July 24, 2012, one of the Debtors, Willie James Harris, Jr., passed away. The Debtors' case continued in Chapter 13 after his death, until March 14, 2013. On that date, the Debtors' attorney filed a notice of conversion (ECF No. 60) purporting to convert Debtors' case from Chapter 13 to Chapter 7 of the Bankruptcy Code. On March 21, 2013, the Debtors' attorney filed a motion (ECF No. 71) to excuse the Debtor, Willie James Harris, Jr., from appearance at the § 341 meeting because of his death. On April 9, 2013, the Debtors' attorney filed a certificate (ECF No. 76) of no response to this motion, and submitted a proposed order granting the motion and excusing the Debtor, Willie James Harris, Jr., from appearing at the § 341 first meeting of creditors. Although the Debtor, Willie James Harris, Jr., obviously cannot be at the § 341 first meeting of creditors, the motion must be denied.

The motion filed by the Debtors' attorney does not explain how the Debtor, Willie James Harris, Jr., could convert his case from Chapter 13 to Chapter 7 after he died. Once Willie James

Harris, Jr. died, he could not convert this case from Chapter 13 to Chapter 7 under § 1307(a) of the Bankruptcy Code because he was no longer a debtor in a bankruptcy case. There is no question that the other Debtor, Corda Harris, was free to convert her Chapter 13 case to Chapter 7 under § 1307(a) on March 14, 2013, but she could not convert her deceased husband's case to Chapter 7 on that date, nor could the Debtors' attorney convert Willie James Harris, Jr.'s case to Chapter 7 once he passed away.

There is no Bankruptcy Code section that specifically addresses the death of a debtor in a pending case. However, Fed. R. Bankr. P. 1016 provides as follows:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Rule 1016 permits a Chapter 7 liquidation to continue after the death of a Chapter 7 debtor. However, the rule is predicated upon a Chapter 7 case already pending at the time of the death of the debtor. When Willie James Harris, Jr. died on July 24, 2012, his case was proceeding in Chapter 13, not Chapter 7. There is nothing in Rule 1016 that permits the conversion of a case from Chapter 13 to Chapter 7 after a Chapter 13 debtor dies.

In re Spiser, 232 B.R. 669 (Bankr. N.D. Tex. 1999), dealt with a similar circumstance. In that case, both of the Chapter 13 debtors died while the Chapter 13 case was pending. Each of their probate estates sought to convert their Chapter 13 case to Chapter 7. Although conversion was initially ordered, the court granted the Chapter 7 trustee's motion for reconsideration, and held that

upon death of both Chapter 13 debtors, during their Chapter 13 case, the probate estates were not debtors eligible to convert their Chapter 13 case to Chapter 7 under § 1307 of the Bankruptcy Code.

> Only an individual with regular income may be a debtor in Chapter 13. § 109(e). With the deaths of both Mr. and Mrs. Spiser, there was no "individual" remaining in the Chapter 13 case; only the probate estates of Mr. and Mrs. Spiser remained. A probate estate is not a "debtor" eligible to convert the case to Chapter 7 under § 1307(a). The court finds persuasive the reasoning and conclusions of Bankruptcy Judge Rufus W. Reynolds who found that conversion to Chapter 7 by a debtor's probate estate is not permitted under the Bankruptcy Code. *In re Jarrett,* 19 B.R. 413 (Bankr. M.D.N.C. 1982). A careful reading of Rule 1016 supports this conclusion. That rule provides that in the event of the death of a Chapter 13 debtor the case may be dismissed or, if further administration is possible, the case may be concluded in the same manner as though the death had not occurred. The term "further administration" implies that the case would be carried to its normal conclusion with payments to the creditors as provided in the confirmed plan, rather than conversion of the case to Chapter 7.

Id. at 673.

The proper disposition of the Chapter 13 case of Willie James Harris, Jr. once he died was either to have that Chapter 13 case dismissed or have the co-Debtor, Corda Harris, complete the Chapter 13 case. The Court concludes that the filing of the notice of conversion by the Debtors' attorney on March 14, 2013 was effective to convert the bankruptcy case of Corda Harris to Chapter 7, but it did not have the effect of converting her deceased husband's case to Chapter 7 and, to the extent that it purports to convert his case to Chapter 7, it must be vacated. Accordingly,

**IT IS HEREBY ORDERED** that the motion (ECF No. 71) to excuse Willie James Harris, Jr. from appearance at the § 341 first meeting of creditors is denied.

**IT IS FURTHER ORDERED** that the notice of conversion filed on March 14, 2013 (ECF No. 60) is only effective to convert the Chapter 13 case of Corda Harris to Chapter 7, and does not convert the case of the deceased Debtor, Willie James Harris, Jr., from Chapter 13 to Chapter 7.

**IT IS FURTHER ORDERED** that because he is now deceased, Willie James Harris, Jr. is dismissed as a joint debtor in his Chapter 13 case pursuant to Fed. R. Bankr. P. 1016.

**IT IS FURTHER ORDERED** that the case of Corda Harris shall continue in Chapter 7 pursuant to the notice of conversion that she filed on March 14, 2013 (ECF No. 60).

.

```
Signed on April 11, 2013
                                        /s/ Phillip J. Shefferly
                                   Phillip J. Shefferly
                                   United States Bankruptcy Judge
```